NORMAN EPSTEIN, *et al.*, Plaintiffs, v. SAMUEL E. MITTLEMAN, *et al.*, Defendants.

(*April* 20, 1960.)

WOLCOTT, J., sitting.

*Norman Epstein* and *Minnette Pilot Epstein*, plaintiffs, *pro se.*

*William S. Megonigal, Jr.* (of Morris, Nichols, Arsht and Tunnell) for defendants.

Superior Court for Kent County, No. 44, Civil Action, 1957.

WOLCOTT, J.[1]:

This action was commenced March 4, 1957 by writ of foreign attachment against twelve defendants, all of whom are non-residents of the State of Delaware. The property of five of the defendants was seized, under the compulsion of which Jane C. Mittelman, Essie Mittelman, George E. Mittelman, Irwin H. Mittelman and Howard M. Goodspeed entered general appearances. The remaining seven defendants have not been served with process of any character, nor have they appeared in the action.

Howard M. Goodspeed answered the complaint. The other four appearing defendants moved to dismiss the complaint under Rule 12(b) (6), Superior Court Rules, *Del. C. Ann.* for failure to state a claim upon which relief could be granted.

On November 19, 1957 proceedings in the cause were stayed, and the Prothonotary directed not to accept for filing any pleadings, motions or papers of any kind. The reason for the imposition of the stay was the illness of one of the plaintiffs and the desirability of preserving the *status quo*. The cause then remained dormant until July 20, 1959 when the plaintiffs moved to lift the stay and for leave to amend the complaint. On August 28, 1959 they again moved for leave to amend the complaint. On September 9, 1959 an order was entered lifting the stay for certain limited purposes and directing the plaintiffs to serve and file their proposed amendment to the complaint by September 23, 1959.

On September 22, 1959, on plaintiffs' application, the time for filing the proposed amendment to the complaint was extended to September 28. On September 24, on plaintiffs' application, the time was further extended to October 5. On October 12, again on plaintiffs' application, the time for filing the pro-

[1]By order of the Chief Justice dated February 12, 1959 assigned to hear and determine this cause.

posed amendment was extended to October 23. On October 25, by reason of an asserted illness of one of the plaintiffs, the time was extended to November 6, 1959. Finally, on November 6, 1959, the proposed amendments to the complaint were served and filed. On November 17, 1959 the plaintiffs' motion for leave to amend their complaint was set down for hearing on December 23, 1959.

On December 22, 1959 plaintiffs moved for judgment against the defendants by default on the ground that no answers had been filed to the complaint as amended. The filing of this motion was an obvious violation of the order of September 9, 1959 lifting the stay for certain limited purposes only. Nevertheless, to avoid further delay in the cause, argument was scheduled on the pending motions for January 18, 1960. On December 28, 1959, upon the application of the plaintiffs, by reason of the death of the husband of one of the plaintiffs, this argument was rescheduled for February 15, 1960.

No argument has, as yet, been held since the plaintiffs gave notice that they would not attend the scheduled hearing. Nor have the plaintiffs filed a brief or memorandum in support of their motions.

In view of the attendant delay and the inability to hold a hearing at which the plaintiffs would appear, I concluded to decide the motions upon the papers before me without briefs from the plaintiffs and without oral argument. This opinion is the decision on the motions.

The original complaint seeks the recovery of $221,250.00 damages. The theory underlying the original complaint seems to be that the defendants named in this action conspired together to induce certain persons allegedly obligated to pay the plaintiffs brokerage commissions to default on their obligation.

A full description of the nature of the claimed brokerage commissions will be found in the opinion in *Epstein v. Chatham*

*Park, Inc., Del. Super.*, 153 *A.* 2d 180, in which action, instituted on April 4, 1955 against some of these defendants as well as others, in New Castle County (Civil Action No. 303, 1955) the plaintiffs sought to recover $221,250.00 as alleged brokerage commissions. Final judgment in that action has now been entered against these plaintiffs upon a motion for summary judgment based upon the defense of *res judicata* by reason of a final judgment of the Cook County Circuit Court of Illinois. No appeal has been taken from that judgment.

Plaintiffs now propose to amend the complaint in this action to allege five separate causes of action. The first cause of action is asserted against all twelve of the defendants, only five of whom have appeared. The proposed amendment realleges the plaintiffs' version of the circumstances giving rise to the alleged brokerage commissions; alleges the circumstances of the Illinois action, and then alleges that the defendants conspired among themselves to fraudulently and unjustly prevent the plaintiffs from completing the record on appeal to the Supreme Court of Illinois from the judgment of the Circuit Court of Cook County, thus causing the Supreme Court of Illinois to enter an order dismissing that appeal. The Judgment of the Circuit Court referred to is the one held to bar the maintenance of the New Castle County action. The new first cause of action seeks damages for the alleged tort.

The second cause of action is asserted against the defendant, George E. Mittelman. Realleged are the underlying allegations of the first cause of action, with the additional allegation that on May 6, 1957, the defendant, George E. Mittelman, slandered the plaintiffs.

The third cause of action realleges the circumstances of the first cause of action and alleges further that the defendant, Howard M. Goodspeed, on September 15, 1957 slandered the plaintiffs.

The fourth cause of action realleges the circumstances of the first cause of action and alleges further that on November 14, 1957 the defendant, Samuel E. Mittelman, slandered the plaintiffs.

The fifth cause of action realleges the circumstances of the first cause of action and alleges further that on September 25, 1957, the defendant, Benjamin E. Mittelman, slandered the plaintiffs.

The plaintiffs maintain that with respect to the defendants, with the exception of Howard M. Goodspeed who has filed an answer to the original complaint, they may amend their complaint as of right against the other defendants under Rule 15(a) of the Superior Court.

Whether or not Rule 15(a) is applicable to these proposed amendments, or whether or not these amendments are in the nature of supplemental pleadings governed by Rule 15 (d), which leaves to the discretion of the court the allowance of such amendments, is immaterial. The matter is plainly one for the discretion of the court since the plaintiffs have waived whatever right they may have had to amend the complaint without leave. They have moved for leave to amend the complaint on three separate occasions and, having done so, I think, must be held to have waived whatever right they may have had to amend without leave. *In re Watauga Steam Laundry*, D. C., 7 *F. R. D.* 657. The question to be determined is, therefore, whether or not they have shown enough to warrant the allowance of the amendment in the discretion of the court.

The second, third, fourth and fifth causes of action all seek damages for slander. As such, they are radical departures from the cause of action set forth in the original complaint. Since all of the defendants are nonresidents, only five of whom have been coerced by seizure of property into appearing, it might well be questioned whether an amendment should be allowed which, in effect, would entrap them into defending

an action they had not contemplated when they elected to appear. *Cf. Abercrombie v. Davies, Del. Ch.*, 118 *A.* 2d 358; *Perrine v. Pennroad Corp.*, 19 *Del. Ch.* 368, 168 *A.* 196; *Maya Corporation v. Smith, D. C.*, 32 *F.* 2d 350.

However, it is not necessary to pass upon that question for the second, third, fourth and fifth causes of action seek recovery for slanders occurring more than one year prior to the motion for leave to amend, assuming that date, July 20, 1959, may be taken as the date of presentation of the actions for slander, even though the new causes of action were not actually asserted until November 6, 1959 when the proposed amendments were first served and filed.

Suit for damages for these alleged slanders, all of which occurred in Illinois, is now barred by 10 *Del. C.* § 8120, which provides that when a cause of action arises outside of Delaware no action shall be brought in this State upon it after the expiration of the time limited by the law of this State, or the time limited by the law of the State where the cause arose, which ever time is shorter. By Illinois law (*Smith-Hurd Illinois Annotated Statutes*, Ch. 83, § 14), it is provided that actions for slander shall be commenced within one year next after the cause of action accrues. The Delaware Statute of Limitations is for a period no shorter than one year. It follows, therefore, that the Statute of Limitations would be a complete bar to the maintenance of these asserted causes of action. In my discretion, therefore, I refuse to allow an amendment to assert stale claims.

There remains the proposed amendment to assert a new first cause of action seeking damages for an alleged tort, consisting of a conspiracy to defraud the plaintiffs of their right to a review of the Illinois Circuit Court judgment. The Illinois judgment, appeal from which allegedly was prevented by the supposed conspiracy, still stands as a valid judgment of the Courts of Illinois, and was the basis of the defense of *res judicata* upon which judgment was entered against these plaintiffs in

the New Castle County action. In suing for damages for the fraudulent obtaining of a judgment in a prior action, the plaintiffs seek to attack that judgment collaterally, which may not be done by reason of the Full Faith and Credit Clause of the Federal Constitution, art. 4, § 1. Furthermore, it seems clear that no action lies to recover damages for the allegedly fraudulent obtaining of a judgment. *Schaub v. O'Ferrall,* 116 *Md.* 131, 81 *A.* 789, 39 *L. R. A., N. S.,* 416; *Hanna v. Allen,* 153 *Wash.* 485, 279 *P.* 1098; *Duffy v. Frankenberg,* 144 *Ill. App.* 103; *Shultz v. Shultz,* 136 *Ind.* 323, 36 *N. E.* 126. This is sufficient reason to deny the amendment.

But an added reason for the denial of the leave to amend lies in the failure of the proposed amendment to explain the failure of the plaintiffs by direct action in the Supreme Court of Illinois to vacate the order dismissing the appeal, although there was a remedy available to them.

By *Ill. Rev. Stat.* 1959, Ch. 77, § 82 (originally enacted in 1933), the Courts of Illinois have the power to modify or vacate their orders for a period of thirty days from entry, without regard to expiration of term. Furthermore, the Illinois Civil Practice Act, § 76, *Ill. Rev. Stat.* 1959, c. 110, § 76, permits appeals from judgments within sixty days as a matter of right, and also permits any aggrieved party to petition for leave to appeal within fourteen months of the entry of the judgment.

It is thus apparent that if there was substance to the now alleged conspiracy as a result of which their appeal as of right was caused to be dismissed, a proper application to the Illinois Supreme Court would have vacated the dismissal. This the plaintiffs did not do. Having failed to do so in Illinois, they will not be permitted at this late date to attack the Illinois judgment collaterally in Delaware in the guise of a suit for damages for conspiracy which, upon analysis, rests upon the assumption that the Illinois judgment is invalid by reason of fraud.

An order may therefore be submitted denying leave to amend the complaint, and denying judgment by default against the defendants.