Ida BOKAT, Plaintiff Below, Appellant,

v.

GETTY OIL COMPANY and J. Paul Getty, Defendants Below, Appellees.

Ida BOKAT, Plaintiff Below, Appellant,

v.

GETTY OIL COMPANY and J. Paul Getty, Defendants Below, Appellees.

Supreme Court of Delaware.

Jan. 15, 1970.

Samuel R. Russell, Wilmington, for appellant.

William S. Potter, Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Henry M. Canby, of Richards, Layton & Finger, Wilmington, and C. Lansing Hays, Jr., of Hecht, Hadfield, Hays, Landsman & Head, New York City, for appellees.

WOLCOTT, C. J., CAREY, J., and CHRISTIE, Judge, sitting.

WOLCOTT, Chief Justice.

These are two actions, consolidated for argument, brought derivatively by a stockholder of Tidewater Oil Company to recover money damages for Tidewater Oil Company from Getty Oil. The appeals are from the grant of summary judgment in both actions for the defendants.

The first action was started on December 29, 1961 and the second on February 6, 1964. Named as party defendants in both actions were Getty Oil Company and certain officers and directors of Getty Oil, among them J. Paul Getty, President of Getty Oil and controlling stockholder. No attempt was made by sequestration to acquire jurisdiction over J. Paul Getty until August 10, 1967 following stockholder approval of a merger of Tidewater into Getty Oil. Following the sequestration, J. Paul Getty appeared in the actions on September 19, 1967.

Througout the period during which the events took place of which the plaintiff complains, Getty Oil, controlled by J. Paul Getty and his family, owned control of Mission Development Company which, in turn, owned control of Tidewater Oil Company.

The complaints in the two actions are substantially the same, and charge basically that Getty Oil, through its control of Tidewater, caused it to invest large amounts of money for the construction of foreign refineries and marine terminals to receive large amounts of foreign crude oil sold to it by Getty Oil at an inflated price. All of this, it is charged, resulted in a consequent loss to Tidewater.

The two actions basically seek recovery of damages from Getty Oil for profits it allegedly received as a result of its illegally overcharging of Tidewater, and for the sums it allegedly wrongly caused Tidewater to invest in the foreign refineries.

On September 20, 1967, Tidewater and Mission Development were merged into Getty Oil after approval of the merger agreement by their respective Boards of Directors and ratification by their stockholders. Plaintiff voted her shares against the merger but subsequently exchanged her shares in Tidewater for shares in Getty

Oil. She made no active effort to oppose the merger.

It was only after the receipt of proxy material concerning the proposed merger that plaintiff amended her complaints to allege the nonresidence of J. Paul Getty, and to seek sequestration of his stock in Getty Oil to coerce his appearance in the actions. Getty actually appeared thereafter.

With respect to the two actions it is clear, we think, that they are derivative in nature, and are brought for the benefit of Tidewater. Indeed, in paragraph 2 of both complaints it is alleged, "Plaintiff brings this action on her own behalf and on behalf of all other shareholders of TIDE-WATER similarly situated, derivatively and in the right and for the benefit of TIDEWATER."

■■■ While plaintiff argues that in her complaints she meant to state a class claim as well as a derivative claim, conceding the class claim is imperfectly stated, we thing it clear that the claims stated are derivative in nature. Basically, they seek money damages for improper management of Tidewater. As such, the claims belong to Tidewater and not to its minority stockholders. When an injury to corporate stock falls equally upon all stockholders, then an individual stockholder may not recover for the injury to his stock alone, but must seek recovery derivatively in behalf of the corporation. 13 Fletcher, Corporations (Perm.Ed.), § 5913.

■■ Nor will the charge that the Getty Oil-induced policy of nonpayment of dividends on Tidewater common stock was part of a scheme to effect a reduction in the market price of Tidewater common stock so as to induce the exchange of Tidewater's common stock for preferred nonvoting stock, serve to create a class action. Mismanagement which depresses the value of stock is a wrong to the corporation; i. e., the stockholders collectively, to be enforced by a derivative action. 3 Fletcher, Corporations (Perm.Ed.), § 1282.

These, then, are derivative actions seeking to recover damages from Getty Oil for the benefit of Tidewater. As such, if the actions had merit, they were assets of Tidewater which, under 8 Del.C. § 259, passed on the merger to Getty Oil along with Tidewater's other assets.

■■ The action against Getty Oil has therefore been made moot by the merger, for if this were not so, the anomalous situation of a corporation suing itself for its own benefit would be presented. Braasch v. Goldschmidt, 41 Del.Ch. 519, 199 A.2d 760. This results from the nature of a derivative action which is to be considered as though the injured corporation, itself, was suing the defendants. Keenan v. Eshleman, 23 Del.Ch. 234, 2 A.2d 904, 120 A.L.R. 227. See, also, Vine v. Beneficial Finance Company, 374 F.2d 627, cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed. 2d 460.

■■ The plaintiff argues that this result opens wide the door to unscrupulous management to play fast and loose with the rights of minority stockholders. But we think to the contrary. If a proposed merger is sought to be used for the cover-up of wrongful acts of management, a Court of Equity in an action making a direct attack on the merger can and will protect the innocent stockholder victim. Courts of Equity uniformly have used their broad powers to prevent fraud by corporate management when those powers are properly invoked. This plaintiff, however, took no direct action to restrain or to attack the merger of Tidewater into Getty Oil.

Plaintiff relies on a number of decisions in other jurisdictions, but we think they do

not help her. In Ramsburg v. American Investment Co., 231 F.2d 333, the 7th Circuit Court of Appeals allowed a derivative suit on behalf of the old company to continue despite its merger into the defendant. However, the plaintiff had proceeded promptly to seek to restrain the merger and while an appeal from the denial of a temporary injunction was pending, the merger was pushed through to completion. Under these circumstances, the Court held it had jurisdiction to compel restoration if the facts required restoration. No similar circumstances appear in the case at bar.

Perlman v. Feldman, 219 F.2d 173, 50 A.L.R.2d 1134, cert. denied, 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277, if it holds that stockholders in a derivative action are entitled to recover in their own right, is not persuasive, for such is not the law of Delaware. Keenan v. Eshleman, supra; Taormina v. Taormina, 32 Del.Ch. 18, 78 A.2d 473.

We will not extend this opinion by a detailed discussion of all the decisions of other jurisdictions cited to us. They all are cases in which particular circumstances existed to justify permitting the stockholder plaintiff in a derivative action to continue the suit in his own right, or they are simply in opposition to the law of this State.

We therefore hold that Getty Oil is the present owner of the claims derivatively made against it, and therefore the claims have become moot. Summary judgment was accordingly properly entered in favor of Getty Oil.

This conclusion, however, does not mean that the claims asserted against the individual defendants, among them J. Paul Getty, have likewise been made moot. Such is not the case. However, they may not be asserted against them at this time and in these actions. The reason is that they are barred by the applicable Delaware

three-year statute of limitations, 10 Del.C., § 8106.

■ The claims sought to be asserted against these individuals are for the payment of money, essentially damages. Actions seeking such damages must be instituted within three years from the time the causes of action accrued. Glassberg v. Boyd, 35 Del.Ch. 293, 116 A.2d 711.

To be sure, these actions were instituted within the three-year period, the first complaint having been filed in 1961 and the second in 1964. Since the first and second complaints are essentially identical, it must be assumed, we think, that the causes of action had accrued by 1961.

■ Ordinarily, the filing of an action will commence the tolling of the appropriate statute of limitations. This, however, is subject to the requirement that when there is a means of bringing a defendant into court and subjecting him to its jurisdiction, the statute of limitations will not be tolled. Hurwitch v. Adams, 2 Storey 247, 155 A.2d 591. In the cases at bar there was such a means; i. e., sequestration of the individual's stock to coerce appearances.

Actually, sequestration was finally sought only against J. Paul Getty, and was obtained on August 10, 1967, apparently by reason of the ammouncement of the proposed merger. Pursuant to the sequestration, J. Paul Getty appeared and submitted to the jurisdiction of the Court of Chancery. It is to be noted, however, that jurisdiction over J. Paul Getty was obtained in the first action more than five and one-half years after it was commenced, and in the second action more than three and one-half years after its inception. Whether or not, therefore, the two actions be considered as separate causes of action, or as one, it is obvious that in each, jurisdiction over J. Paul Getty was ob-

tained after the passage of more than three years, although plaintiff may have coerced his appearance at the onset.

The relief sought in these actions is primarily the recovery of money from Getty Oil by reason of management's alleged wrongdoing, which J. Paul Getty is alleged to have acquiesced in and profited from as a stockholder of Getty Oil. The fact remains, however, that in the last analysis the plaintiff seeks money damages which is legal relief.

When the relief sought in Chancery is legal in nature, it is clear that Chancery will apply the statute of limitations rather than the equitable doctrine of laches. Perkins v. Cartmell, Adm'r, 4 Harr. 270; Cochran v. F. H. Smith Co., 20 Del.Ch. 159, 174 A. 119. This being so, the statute bars the claims against J. Paul Getty since jurisdiction over him was not obtained within the three-year period from the accrual of the cause of action.

Plaintiff argues that the acts complained of were concealed and that therefore Chancery should not apply the period of limitations or, in the alternative, at least commence the time of its application to the time plaintiff's rights were discovered. Bovay v. H. M. Byllesby & Co., 27 Del.Ch. 381, 38 A.2d 808, 174 A.L.R. 1201.

The difficulty with the argument is that from the complaints, themselves, it is apparent that at the time of the filing of the first one, December 29, 1961, all of the acts complained of against J. Paul Getty were alleged. If these acts had been concealed prior to that date, it is apparent that they had come to the plaintiff's knowledge at least by that date. Assuming concealment, therefore, it is apparent that the time of the period would have commenced running at least by December 29, 1961. It follows, therefore, that summary judgment was properly entered in favor of J. Paul Getty.

In the argument before the Vice Chancellor on the motions for summary judgment, plaintiff sought to amend her complaints to allege a class claim against the defendants, and after the Vice Chancellor's decision formally renewed her motion to amend. Both applications were denied.

The theory of the class action sought to be asserted by amendment to the original complaints is that the defendants failed to include in the merger ratio any amount for the value of these actions, which should have been included and distributed *pro rata* to former Tidewater stockholders.

The proposed amendments to plaintiff's complaints seek in part to reassert her derivative claims which, as we have pointed out, she may not assert in these actions, and also seeks to assert an additional claim designated as a claim for a class. This additional claim is that Getty Oil and J. Paul Getty, as part of their scheme to effect the merger, deliberately refused to assign any value to the claim alleged in these lawsuits, allegedly worth in excess of $30,000,000, thus arriving at an unfair merger ratio for the exchange of Tidewater stock for Getty Oil stock.

A motion for leave to amend a complaint is always addressed to the discretion of the trial court. While leave to amend should be granted freely when justice requires it, it is always, however, a discretionary matter with the trial judge, and is reviewable on appeal solely for abuse of discretion. Bellanca Corp. v. Bellanca, 3 Storey 378, 169 A.2d 620.

Ordinarily, at least, the purpose of allowing an amendment to a complaint is to include matters which occurred prior to the filing of the original complaint which for some excusable reason were not included in the original complaint. 1(a) Barron & Holtzoff, Federal Practice and Procedure, § 441.

Since the new class claim grows out of the terms of the merger, it is ob-

vious that it did not arise prior to the filing of the original complaint, and thus could not have been inadvertently omitted from it. In addition, however, the proposed amendments would present an entirely new and different cause of action which, under common fairness, these defendants, at this late date, should not be made to defend in these actions. Particularly is this so in the case of J. Paul Getty who made his decision to appear in defense of the original causes of action with no expectation of being forced to defend a new and entirely distinct cause. Townsend Corporation of America v. Davidson, 40 Del.Ch. 295, 181 A.2d 219; Tenney v. Jacobs, Del., 240 A. 2d 138.

■ Plaintiff, however, argues that since the defendants have not filed answers in the second action, she has an absolute right under Chancery Rule 15(a), Del.C.Ann. to amend her complaint. It is the fact that no answers had been filed in the second action when plaintiff, herself, sought to amend the complaint by leave of court and informally moved for leave to amend at the time of argument on the motions for summary judgment. We are of the opinion that, because of the extraordinary combination of circumstances here present, plaintiff had by then waived her right to amend the complaint without leave. Cf. Epstein v. Mittelman, 2 Storey 474, 160 A.2d 368. The matter of an amendment was within the court's discretion.

The Vice Chancellor in his discretion refused leave to amend the complaints. In review, we find no abuse of that discretion. We think the following adequately justify his refusal to permit amendment: (1) the plaintiff never attacked directly the merger allegedly giving rise to the amendments, and now seeks to attack the merger by a backdoor method; (2) the amendment would inject an entirely new cause of action at this late date; and (3) J. Paul Getty appeared to defend the original action and not a new and separate one, and (4) plaintiff and her alleged class were put on

notice that her lawsuits were given no value in the merger ratio by the proxy statement sent to all stockholders.

The judgments below are affirmed.