Eliot H. LUMBARD, as Trustee of the Estate of Meritum Corporation, and David M. Green, as Trustee of the Estate of Carla Leather, Inc. Plaintiffs,

v.

MAGLIA, INC. (a/k/a "Carla Maglia, Inc."), Kalish, Rubinroit & Co., Brancorp Factors, Inc., Washington Druker, Aron Vaisman, Barnardo Druker, Hyman Rubinroit, Jack Lindner, Egidia Vaisman (a/k/a "Vivian Kopcow Vaisman"), Cristina Druker and James Vaisman, Defendants.

Washington DRUKER,
Third-Party Plaintiff,

v.

Chaim Herbert LESHKOWITZ (a/k/a Herbert Leshkowitz), Third-Party Defendant.

BRANCORP FACTORS, INC. and Jack Lindner, Third-Party Plaintiffs,

v.

Chaim Herbert LESHKOWITZ (a/k/a Herbert Leshkowitz), Third-Party Defendant.

No. 84 Civ. 0008 (GLG).

United States District Court,
S.D. New York.

Nov. 12, 1985.

---

Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiffs; Richard F. Ziegler, Robert J. Stillman, of counsel.

Wiener, Zuckerbrot, Weiss & Brecher, New York City, for defendants and third-party plaintiffs Brancorp Factors, Inc. and Jack Lindner; Irvin Rothfarb, Dennis M. Rothman, of counsel.

Philip E. Silberberg, New York City, for defendant and third-party plaintiff Washington Druker.

Arnoff & Merin, P.C., New York City, for third-party defendant Herbert Leshkowitz; Norman B. Arnoff, Linda K. Bernstein, of counsel.

## OPINION

GOETTEL, District Judge:

Two identical third-party complaints have been filed in this action, one by Washington Druker ("Druker") and the other by Brancorp Factors, Inc. and Jack Lindner (collectively "Brancorp"). Each third-party complaint purports to state two causes of action against Chaim Herbert Leshkowitz ("Leshkowitz"), Carla Leather, Inc.'s ("Carla") former accountant. Leshkowitz now moves pursuant to Rules 9(b), 14(a), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing both third-party complaints. He also moves pursuant to Fed.R.Civ.P. 11 for

sanctions against the third-party plaintiffs. For the reasons stated below, the third-party complaints are dismissed and the motions for sanctions are denied.

## I. Background

In March 1985, Druker and Brancorp applied to and received this Court's permission to file third-party complaints against Leshkowitz. The third-party plaintiffs have yet to answer the amended complaint in the main action. The details of the amended complaint are spelled out in a separate opinion issued today in this case, familiarity with which is assumed. The two third-party complaints and the affidavits and memoranda that accompany them add the following allegations, which, together with the allegations in the main complaint, we deem true for purposes of evaluating the motions before us: Leshkowitz prepared certain financial statements and reports and performed other unspecified services for Carla prior to its dissolution. Those statements overstated Carla's inventory and assets and allegedly caused Carla's debt to Meritum Corporation ("Meritum") to be greatly inflated.[1] The third-party plaintiffs assert that any liability that they accrue in the main action will be reduced as a result of Leshkowitz's conduct.

Each third-party complaint states the same two claims. The first claim alleges that Leshkowitz negligently and recklessly prepared financial statements and related documents that Meritum, Carla, and others later relied on. Leshkowitz is thereby alleged to be liable to the third-party plaintiffs for any judgment accruing against them in the main action. The second claim alleges that Leshkowitz aided and abetted Meritum in some unspecified, presumably improper conduct.

## II. Discussion

### A. Motions to Dismiss

The third-party defendant moves to dismiss the first claim in both complaints for failure to comply with the requirements of Fed.R.Civ.P. 14(a).[2] Rule 14(a) provides, in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

Fed.R.Civ.P. 14(a). "Rule 14 requires that a defendant have a substantive basis for a claim against the third party and that the claim of liability to the defendant and third-party plaintiff accrue only upon a finding of defendant's liability to the plaintiff on the main claim." *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 744 (S.D.N.Y. 1976). Because there is no substantive basis for the first or second claims in either third-party complaint, both complaints must be dismissed pursuant to Rule 14(a) and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted.[3]

---

1. The third-party plaintiffs also assert that Leshkowitz received commissions or fees from Meritum during the time that he performed services for Carla. Such conduct allegedly violates both Rule 503 of the American Institute of Certified Public Accountants and Rule 503 of the Code of Professional Conduct of the New York State Society of Certified Public Accountants. These two identical rules state,

   A member shall not pay a commission to obtain a client, nor shall he accept a commission for a referral to a client of products or services of others. This rule shall not prohibit payments for the purchase of an accounting practice or retirement payments to individuals formerly engaged in the practice of public accounting or payments to their heirs or estates.

2. The Court's order permitting the filing of the third-party complaints does not, in itself, necessitate the denial of this branch of the motions. That order waives any procedural barriers that might have prohibited the filing of third-party complaints prior to the filing of an answer. It does not bear on the substantive viability of the actions.

3. The Court does not reach the question of whether either defendant's liability would accrue only upon a finding of the defendants' liability on the main claim.

The third-party plaintiffs do not indicate how any violation of that section would translate into liability separate from that arising out of Leshkowitz's negligence.

### 1. The First Claims

■ The first claims of the two third-party complaints seek to hold Leshkowitz liable for the negligent preparation of financial statements upon which parties with whom he was not in privity relied.[4] The New York Court of Appeals recently delineated the circumstances in which "accountants may be held liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports." *Credit Alliance Corp. v. Arthur Anderson & Co.*, N.Y.L.J., July 12, 1985, at 20, col. 5, (N.Y. July 5, 1985) [hereinafter *"Credit Alliance "*]. Before such liability may accrue,

> certain prerequisites must be satisfied: (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance.

*Id.; see also Westpac Banking Corp. v. Deschamps*, N.Y.L.J., Oct. 17, 1985, at 26, col. 1 (N.Y. Oct. 15, 1985) (quoting this language) [hereinafter *"Westpac Banking Corp."*]. The recent cases strictly interpret these guidelines. In order to survive a motion to dismiss, the complaint or accompanying affidavits must contain some allegation "to demonstrate the existence of a relationship between the parties sufficiently approaching privity." *Credit Alliance, supra*, at 20, col. 6. Allegations supporting the inference that a particular party was likely to rely on the statements of another party will not suffice. There must be "knowledge of 'the identity of the specific nonprivy party who would be relying on the audit reports.'" *Westpac Banking Corp., supra*, at 26, col. 2 (quoting *Credit Alliance, supra*, at 21, col. 1).

■ Neither Brancorp nor Druker have provided allegations that satisfy the requirements set out in *Credit Alliance*. In its papers, Brancorp states, "the financial statement prepared by Leshkowitz could have no practical purpose other than ... to assist Meritum to solicit Brancorp in order to finance Carla." Post-Argument Joint Memorandum at 4. This inferential support for the hypothesis that Leshkowitz knew Brancorp would rely on Meritum's financial statement is plainly insufficient. To echo the Court of Appeals in *Westpac Banking Corp.*,

> there is no allegation that [Leshkowitz] had any dealings with [Brancorp], had specifically agreed with [Meritum] to prepare the report for [Brancorp's] use or ... had agreed with [Meritum] to provide [Brancorp] with a copy, or actually did so. Indeed there is simply no allegation of any word or action on the part of [Leshkowitz] directed to [Brancorp], or anything ... which provided the necessary link between them.

*Westpac Banking Corp., supra*, at 26, col. 2. The above-quoted statement applies with equal force to invalidate Druker's first claim. Druker's assertion that, because he personally guaranteed Carla's debt to Meritum, he is "within the group of persons who necessarily would be dependent upon the financial statements Leshkowitz prepared for Carla," Post-Argument Joint Memorandum at 5, cannot alone satisfy the stringent requirements of *Credit Alliance*. Because the third-party complaints fall far short of establishing the requirements set forth in *Credit Alliance*, the first causes of action in both third-party complaints must be dismissed.

*White v. Guarante*, 43 N.Y.2d 356, 372 N.E.2d 315, 401 N.Y.S.2d 474 (1977) [hereinafter *"White"*], is of no assistance to Druker on his first claim. In *White*, the Court of Appeals held that a relationship

---

**4.** Although the first claims in both third-party complaints sound only in negligence and recklessness, there are intimations elsewhere in the third-party plaintiffs' papers that the first claims are also for fraud. *See, e.g.,* Joint Memorandum at 29, 35. To the extent that the first claims are deemed to plead fraud, they must be dismissed pursuant to Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity. *See Reingold v. Deloitte, Haskins & Sells,* 599 F.Supp. 1241, 1265–66 (S.D.N.Y.1984).

between accountants and a third-party sufficiently approached privity.

> [T]he accountants had contracted with a limited partnership to perform an audit and prepare the partnership's tax returns. The nature and purpose of the contract, to satisfy the requirement in the partnership agreement for an audit, made it clear that the accountants' services were obtained to benefit the members of the partnership who, like plaintiff, a limited partner, were necessarily dependent upon the audit to prepare their own tax returns.

*Credit Alliance, supra,* at 20, col. 5 (commenting on *White* ). The third-party complaint provides no indication that Druker was necessarily dependent on Meritum's financial statements. Indeed, there is no indication that Leshkowitz knew Druker was a guarantor of Meritum's loans to Carla, or that he knew of the nature and extent of those guarantees. *White* is, therefore, inapposite.

### 2. The Second Claims

■ The second claims of both third-party complaints charge Leshkowitz with aiding and abetting Meritum in some unspecified wrongdoing, presumably fraud. These claims, asserted against a party for aiding and abetting an unspecified and unknown wrong, are most bizarre. Absent some specification as to the primary wrong alleged, there is no substantive basis upon which to assert these aiding and abetting claims. These claims fail both to comply with Rule 14(a) and to state a claim for relief. In addition, they do not plead a claim of aiding and abetting a fraud with the particularity that Fed.R.Civ.P. 9(b) demands, *Reingold v. Deloitte, Haskins & Sells, supra,* 599 F.Supp. at 1265–66, 1270, nor do they provide "a short and plain statement of the claim" as required by Fed.R.Civ.P. 8(a).

The third-party plaintiffs admit that they filed their aiding and abetting claims in order to toll the statute of limitations. This concern, although legitimate, may be unfounded, for as soon as the defendants answer, they will most likely name Meritum as a defendant on compulsory counterclaims. *See* Fed.R.Civ.P. 13(a). The statute of limitations will not bar that counterclaim, since no question has been raised as to the timeliness of the original action. 3 J. Moore, *Moore's Federal Practice* § 13.11, at 13–47 (2d ed. 1985). Nor will the statute of limitations bar the defendants from joining Leshkowitz as an additional defendant on counterclaims pursuant to Fed.R.Civ.P. 20(a). *See* Post Argument Joint Memorandum at 5. Nevertheless, in order to assuage the third-party defendant's fears, the Court will dismiss these third-party complaints with leave to replead the second claims therein as counterclaims in the main action.

### B. Motion for Sanctions

■ The third-party defendant also moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides that an attorney's signature on a pleading "constitutes a certificate by him" that the "pleading is well grounded in fact and warranted by existing law." Fed.R.Civ.P. 11. "[W]here it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated." *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir. 1985). If a pleading is signed in violation of the rule, the court *must* impose sanctions including attorneys' fees. *Id.* at 254 n. 7.

■ The first claims in each third-party complaint in this action were not filed in violation of Rule 11. Those claims were filed prior to the Court of Appeal's recent decisions limiting the scope of an accountant's liability for negligent conduct. The law on that subject was in disarray. When filed, the negligence claims thus had a reasonable chance of stating a viable cause of action.

The allegations in the second claims of the third-party complaints are so sketchy as to defy analysis under Rule 11. The motion for sanctions on those claims will be

denied without prejudice to its renewal, should those claims, when again asserted, lack any foundation in law or fact.

## III. Conclusion

The motions to dismiss the third-party complaints are granted.[5] The third-party plaintiffs are granted leave to replead the second cause of action in their third-party complaints as counterclaims in the original action. The motion for sanctions is denied without prejudice to its renewal.

SO ORDERED.

**5.** Leshkowitz's motion papers originally stated an intention to move, pursuant to Fed.R.Civ.P. 12(b)(2), to dismiss for lack of subject matter jurisdiction. No argument was ever made in support of such a motion. The Court deems any such motion withdrawn.