Walter ZIMMERMAN, Marvin Jablonsky and Peter J. Rabinowitz, Plaintiffs,

v.

PRIME MEDICAL SERVICES, INC., Dean L. Sloane, Salvatore Alternative, Morris Landis, Patrick Magee, Stanley Eiser, Brian Reach, John O'Leary, Steven Ladenheim, and Peat, Marwick, Main & Co., Defendants.

**No. 89 Civ. 1467 (RPP).**

United States District Court, S.D. New York.

Jan. 22, 1990.

Wechsler Skirnick Harwood Halebian & Feffer, Robert I. Harwood, New York City, for plaintiffs.

Milberg Weiss Bershad Specthrie & Lerach, Steven G. Schulman, New York City, for defendant Prime Medical Services, Inc.

Cahill Gordon & Reindel, George Wailand, New York City, for defendant Peat Marwick Main & Co.

Leader & Berkon, James K. Leader, New York City, for defendant Dean L. Sloane.

McGuire & Tiernan, Arthur V. Nealon, New York City, for defendant Salvatore Alternative.

Olwine, Connelly, Chase, O'Donnell & Weyher, James Tolan, New York City, for defendant Brian Reach.

Greenfield Eisenberg Stein & Senior, Norman A. Senior, New York City, for defendants Stanley Eiser and John O'Leary.

Rosenman & Colin, Howard Wilson, New York City, for defendant Morris Landis.

Parcher, Arisohn & Hayes, Mark S. Arisohn, New York City, for defendant Patrick Magee.

Bass & Ullman, Jacob Laufer, New York City, for defendant Steven Ladenheim.

## OPINION

ROBERT P. PATTERSON, Jr., District Judge.

Defendants' motions to dismiss, pursuant to Rule 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, are denied.

The complaint contains allegations that material misstatements of the value of accounts receivables, net property, equipment, and investments in affiliates were contained in the financial statements which were part of the Form 10Q and 10K filings

by defendant Prime Medical Services Inc. (Prime) with the Securities and Exchange Commission from October 4, 1985 to November 20, 1987. (Complaint Para 23–32). The misleading aspects of the statements and their material impact are then specified. (Complaint Para 33–38).

The complaint further alleges that the individual defendants had actual knowledge of the true financial condition of Prime, or recklessly disregarded facts available to them. (Complaint Para 22–32, 41, 42). In addition, the complaint alleges that Peat Marwick, as Prime's auditor, "aided and abetted the other defendants' unlawful scheme" with actual knowledge. (Complaint Para 15, 22, 43).

The plaintiffs were purchasers of Prime stock during said period, and are alleged to have relied on the alleged misstatements. The foregoing allegations constitute a cause of action under Rule 10(b)(5) promulgated under Section 10(b) of the Securities Exchange Act of 1934. *See Heit v. Weitzen*, 402 F.2d 909, 914 (2d Cir.1968) (denying motion to dismiss Rule 10(b)(5) complaint which alleged actual knowledge of misstatements in 10K Report), cert. denied, 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969).[1]

■ Peat Marwick argues that it can be liable for misstatements in the Annual Reports which it certified, but not for misstatements in the Quarterly Reports which it claims to have only "reviewed." That contention is without merit. The complaint alleges that Peat Marwick negligently reviewed the interim reports "recklessly" and with "actual knowledge." *See In re Am International, Inc. Securities Litigation*, 606 F.Supp. 600, 606 (S.D.N.Y.1985) (citing *Armstrong v. McAlpin*, 699 F.2d 79, 91 (2d Cir.1983) and *IIT, An International Investment Trust v. Cornfeld*, 619 F.2d 909, 927 (2d Cir.1980). Moreover, the allegations about the interim reports are not isolated, but serve as a foundation for the alleged violation of Rule 10(b) in certifying the corporation's Annual Reports.

■ The complaint also adequately complies with Rule 9(b) of the Federal Rule of Civil Procedure. The complaint alleges the time, place and manner in which the material statements claimed to be false and materially misleading were made. Each of the individual defendants signed one or more of the SEC filings containing the statements or held company positions in which they were responsible for the preparation of such statements. Defendant Peat Marwick prepared some of the financial schedules filed with the Securities and Exchange Commission. There can be no doubt that the complaint gives each defendant notice of precisely the fraudulent acts he is charged with committing intentionally. No more is required by Rule 9(b). *Goldman v. Belden*, 754 F.2d 1059, 1069–70 (2d Cir. 1985); *see also Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir.1987) (Rule 9(b) satisfied "by identifying circumstances indicating conscious behavior by the defendant").

■ The second claim for relief under Section 20(a) of the Securities Exchange Act of 1934 realleges the same allegations and seeks to hold the individual defendants who were either officers or directors liable as controlling persons. Certain of the directors may have a "reliance in good faith" defense. The validity of this defense should be determined not on a motion to dismiss, but after discovery has been completed, as in *Marbury Management Inc. v. Kohn*, 629 F.2d 705, 716 (2nd Cir.), cert. denied, 449 U.S. 1011, 101 S.Ct. 566, 66 L.Ed.2d 469 (1980). The alleged fact scenario strongly implies that the officers and directors were "directly or indirectly, controlling persons" over the allegedly misleading statements in their reports. Accordingly, this count also states a claim for which relief can be granted.

■ Defendant Morris Landis also moves individually to dismiss based upon a release he claims to have received from the corporation. This release may provide a valid defense; however, the plaintiffs are first entitled to discovery of the release to

---

1. Although certain of the defendants were only "outside" directors, it would be improper at this point in the proceedings to dismiss the ample allegations of participation with actual knowledge based simply on the implications of non-involvement which accompany "outside" status.

assess its scope and the circumstances under which it was provided.

Finally, defendants assert several slightly different arguments in favor of dismissing the pendent state law claims, which are based on the same allegations and analogous legal theories. Defendant Landis's argument that actual reliance must be alleged under common law is not a grounds for dismissal because paragraph 45 alleges the actual reliance of class members.

Peat Marwick and Landis contend that a lack of privity or any alleged " 'relationship . . . sufficiently approaching privity,' " *Lumbard v. Maglia, Inc.*, 621 F.Supp. 1542, 1545 (S.D.N.Y.1985) (quoting *Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 493 N.Y.S.2d 435, 483 N.E.2d 110 (1985)), between the investing community and defendants Peat Marwick and Landis would be grounds for dismissing the negligent misrepresentation claim. *See In re Coleco Securities Litigation*, 591 F.Supp. 1488, 1493 (S.D.N.Y.1984). That argument may well be valid, if New York common law governs the case. *Id.* However, the class has not yet been certified and choice of law issues have yet to be fully briefed. The Court chooses to wait for plaintiff's motion for Rule 23 certification before confronting this issue. *See In re Energy Systems Equipment Leasing Securities Litigation*, 642 F.Supp. 718, 744 (E.D.N.Y.1986).

Landis also moves for dismissal of plaintiff's claim that "the individual defendants have breached the fiduciary duties they owe to plaintiffs and members of the Class, and are liable therefor." (Complaint Para 58). Plaintiffs and Landis agree that Delaware law governs this claim because Prime Medical is incorporated in that state. *See also Cowin v. Bresler*, 741 F.2d 410, 414 n. 4 (D.C.Cir.1984). Under Delaware law, a common law claim for breach of fiduciary duty by a corporate director or officer can only be asserted (a) by the corporation or on the corporation's behalf in a derivative action or (b) by individual shareholders when a "special injury" has occurred. *See id.* at 414–16 (explaining Delaware law). The first condition does not apply because this action is brought against Prime Medical, Inc. by a class of individual shareholders who purchased stock between October 4, 1985 and November 16, 1988.

As regards the second condition, a "special injury" is a wrong which either involves "a particular right" or is "distinct from that suffered by other shareholders." *Lipton v. News International, Plc*, 514 A.2d 1075, 1078 (Del.1986). Plaintiff has not alleged that defendant's infringed any "particular rights," such as preemptive rights, contractual rights, or rights involving control of the corporation. *Lipton*, 514 A.2d at 1078. However, an injury distinct from that suffered by all shareholders is present. The alleged inflated price of Prime common stock, due to the alleged misstatements, would constitute a special injury to those who purchased stock from October 4, 1985 to November 20, 1989. This case is distinguishable from the holding in *Cowin* that "deceptive and incomplete reports issued by the company" are not a "special injury" and constitute a "harm primarily to the corporation shared by each stockholder." 741 F.2d at 416. The common law claims for breaches of fiduciary duties in *Cowin* and the cases upon which it relies, *Empire Life Insurance Co. v. Valdak Corp.*, 468 F.2d 330, 338–39 (5th Cir.1972), and *Bokat v. Getty Oil Co.*, 262 A.2d 246, 249 (Del.1970), rested upon allegations that mismanagement had resulted in depreciation of the stock. When stock is unlawfully depreciated all of the stockholders are wronged. However, alleged mismanagement in this case caused the stock to be artificially inflated. Only those stockholders who acted in reliance on the inflated price—i.e., the purchasers—are injured by an inflated price. Accordingly, a "special injury" is present based upon the theory of "distinct injury" and the motion to dismiss the fiduciary duty claim is denied.

The motions to dismiss the claims are denied.

SO ORDERED.