**Robert GRIFFITH and Katharine A. Nadworny, et al., Plaintiffs,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 86–2556–Y.

United States District Court, D. Massachusetts.

Feb. 1, 1988.

Jeffrey C. Page, Diane F. Paulson, Massachusetts Medicare Advocacy Project, Greater Boston Elderly Legal Services, Boston, Mass., Sarah Anderson, Greater Boston Legal Services, Boston, Mass., for plaintiffs.

Nicholas Theodorou, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The Secretary of Health and Human Services ("Secretary") has moved to dismiss this action pursuant to Fed.R.Civ.P. 12(b) for lack of subject matter jurisdiction. In the alternative, the Secretary moves to dismiss on the grounds that the plaintiffs' claims have become moot. For the reasons set forth below, the motion to dismiss is denied on both grounds.

### I. *Introduction*

Some background is necessary before proceeding to the interesting clash of views over jurisdiction and mootness presented by the parties.

This suit was filed on behalf of a class on September 3, 1986. The suit alleges that the Secretary has acted in violation of both the Constitution and laws of the United States with respect to his administration of Medicare Part B determinations of coverage for durable medical equipment. The basic charge is that the Secretary has promulgated a list which predetermines whether an item of durable medical equipment will be covered by Medicare Part B, when, the plaintiffs allege, the Secretary is in fact bound to give each and every claim individualized attention. Plaintiffs seek to have these allegedly unlawful practices terminated and to require the Secretary to comply with what the plaintiffs allege is Congress' mandate.

The plaintiffs seek injunctive and declaratory relief as well as relief in the form of mandamus; there is no claim for damages or benefits. Certification as a class under Fed.R.Civ.P. 23(b)(2) is also sought. Jurisdiction is alleged under 28 U.S.C. § 1331, the Administrative Procedure Act, 5 U.S.C. §§ 702 & 704, and 28 U.S.C. § 1361.

A protective order staying discovery, pending the determination of the instant motion, was granted on June 11, 1987.

## II. *Subject Matter Jurisdiction*

■ It is basic hornbook law that the district courts may hear only those cases within the purview of Article III as to which Congress has granted them jurisdiction. Although this is an elementary principle of law of federal courts, it nonetheless is at the heart of the dispute in this case over subject matter jurisdiction.[1] Since one of the parties has raised the question of whether there is subject matter jurisdiction to hear this case, this Court must decide whether it has jurisdiction over the subject matter of the dispute before it may proceed any further. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) (holding that "the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy").

The first question to be addressed, therefore, is whether this Court has the power to hear this case. The Secretary argues that the only jurisdictional basis upon which this action can be supported is the one provided for by a recent Act of Congress entitled the "Omnibus Budget Reconciliation Act of 1986," Pub.L. No. 99–509, 100 Stat. 1874 ("the 1986 Act"). Prior to the enactment of the 1986 Act, there was no judicial review of Medicare Part B determinations concerning benefits.[2] The 1986 Act amended 42 U.S.C. § 1395ff to provide for the judicial review of certain Medicare Part B determinations with respect to benefits—review which was previously unavailable—and this review applies only to those items and services furnished after January 1, 1987. According to the Secretary, the result of this grant of judicial review over benefits is this: any review of Medicare Part B determinations must comply with the 1986 Act, and since the 1986 Act applies only to items or services furnished after January 1, 1987, there was no jurisdiction when this action was filed on September 3, 1986.

If what was at issue in this case was judicial review of a claim for denial of benefits or a dispute over the amount of any benefits, the Secretary's arguments would be persuasive. Such is not the case. The plaintiffs in this proposed class action do not seek a review of their benefit determinations; rather, they are challenging the legality of the manner in which Medicare Part B claims are handled. This type of suit is clearly distinguishable from a challenge to the amount of benefits the Secretary has determined apply in a given case. The gravamen of the plaintiffs' complaint is a challenge to the manner in which the Secretary—specifically, the insurance carriers acting pursuant to the Secretary's regulations—classifies, without particularized determinations, a range of durable medical equipment.

By presenting their challenge as a constitutional and statutory attack on the manner and operation of the Secretary's duties in this area, plaintiffs have not sought to challenge his benefit determinations.[3] The question thus arises whether there is jurisdiction under any of the provisions cited by the plaintiffs to review the manner or method by which the Secretary implements the Medicare Part B program where there are allegations that his actions violate the Constitution and laws of the United States.

---

1. The importance of this concept—that the lower federal courts may hear only those cases that Congress has said they may hear—is illustrated by the strict application of rules governing jurisdiction. For example, Fed.R.Civ.P. 12(h)(3) requires that an action be dismissed "[w]henever it appears ... that the court lacks jurisdiction of the subject matter...."

2. The 1986 Act specifically amended 42 U.S.C. § 1395ff to provide for limited judicial review of Part B benefit claims. *Compare* 42 U.S.C.A. § 1395ff(b)(1)(C) (West 1983) *with* 42 U.S.C.A. § 1395ff(b)(1)(C) (West Supp.1987).

Medicare Part B is the portion of Medicare that individuals enroll in voluntarily. In exchange for a monthly premium, millions of Medicare recipients receive third party insurance coverage for items not covered by Medicare Part A, including, for example, the durable medical equipment at issue in this case.

3. It is clear that the 1986 Act governs judicial review of the amount of benefits granted to Medicare Part B recipients.

In *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986), the Supreme Court held that Congress has not barred judicial review of Medicare Part B regulations promulgated under the Secretary's statutory authority merely because certain statutory provisions exist which pertain to judicial review of benefit claims. "The reticulated statutory scheme ... simply does not speak to challenges mounted against the *method* by which such amounts are to be determined rather than the *determinations* themselves." *Id.* 106 S.Ct. at 2138 (emphasis in original). In *Michigan Academy*, the Supreme Court addressed a prospective challenge to regulations promulgated under the Medicare laws. The unanimous opinion states that "Congress intended to bar judicial review only of determinations of the amount of benefits to be awarded under Part B.... We conclude, therefore, that those matters which Congress did *not* leave to be determined in a 'fair hearing' conducted by the carrier—including challenges to the validity of the Secretary's instructions and regulations—are not impliedly insulated from judicial review by 42 U.S.C. § 1395ff." *Id.* at 2140 (emphasis in original).

In *McCuin v. Secretary of Health & Human Services*, 817 F.2d 161, 164–66 (1st Cir.1987), the court held that, in accordance with the Supreme Court's analysis in *Michigan Academy*, jurisdiction exists to challenge the Secretary's acts apart from challenges to benefit determinations even where the challenge is not prospective. The court specifically ruled that § 1395ff—the section governing judicial review of benefit determinations—does not bar federal question jurisdiction for challenges to the Secretary's procedures where such challenges to method arise, as in the instant case, out of a determination in connection with a past claim for benefits. The First Circuit found untenable a distinction between the challenge in *Michigan Academy*—which was prospective—and the challenge in *McCuin*—which was, like the instant case, a challenge to methods used in a past determination.

There is no conflict between the decision in *Michigan Academy* and Congress' subsequent grant of jurisdiction to review certain Medicare Part B determinations in the 1986 Act.[4] In fact, all that Congress did in the 1986 Act was to extend judicial review to Medicare Part B recipients. It is obvious that the Supreme Court and Congress were not addressing the same issue: Congress saw fit to provide for some judicial review of certain benefit denials under Medicare Part B, while the Supreme Court held that there is almost always jurisdiction to review acts challenged as unlawful and unconstitutional, and that such jurisdiction was available for Medicare Part B challenges under the grant of general federal question jurisdiction. There is, in short, no tension between *Michigan Academy* and the 1986 Act. *Michigan Academy* holds that there is jurisdiction under 28 U.S.C. § 1331 to review the method by which Medicare Part B decisions are made, in contradistinction to a review of decisions concerning benefits, which are governed by the 1986 Act. They are, in effect, but two vessels of judicial review which operate in separate seas of legal challenge.

For the foregoing reasons, this Court holds that jurisdiction for plaintiffs' claims lies under 28 U.S.C. § 1331.[5]

III. *Mootness*

As an alternative ground for dismissal, the Secretary argues that since the claims of the named plaintiffs have been mooted by their receipt of checks, this Court is no longer addressing a live case or controversy. The issue of mootness raises some complex and interesting questions made all the more fascinating by the plaintiffs' request for certification as a class action.

---

4. The 1986 Act was enacted approximately four months after the decision was rendered in *Michigan Academy*. There is, it should be noted, no suggestion that the 1986 Act was intended to "overrule" *Michigan Academy*.

5. Plaintiffs' other asserted jurisdictional bases thus need not be addressed.

■ This suit is a putative class action, and there has of yet been no certification of a class. The general rule and the law of the First Circuit is that once the named plaintiffs' claims have been mooted, the case must be dismissed if the class has not yet been certified. *Wilson v. Secretary of Health & Human Services,* 671 F.2d 673, 679 (1st Cir.1982). The class in this case has not been certified, and it thus appears at first glance that the case should therefore be dismissed. The facts of this case suggest, however, that the disposition should be otherwise.

This suit was filed in September, 1986. In January, 1987, the government mailed checks to the two named plaintiffs. The Secretary argues that these checks mooted the claims of the two named plaintiffs; the plaintiffs counter that the payments change nothing, and in fact do not even reverse what the plaintiffs claim are illegally arrived at determinations. It is true that the named plaintiffs received checks for the amounts they would have received had their Medicare Part B claims been granted, but it is equally true that none of the plaintiffs here seeks any benefits. While plaintiffs' counsel accepted the two checks for Griffith and Nadworny, counsel also informed the Secretary that the tender of payment did not moot the case since the suit was not brought to recover benefits but rather to challenge the legality of the Secretary's actions.

There is something deceptively kind about the Secretary's voluntary payment of what the named plaintiffs would have gotten had their Medicare Part B claims been granted. This is especially so in light of the fact that none of the plaintiffs here have sought any benefits. At the same time, there has been no change in the Secretary's position regarding the initial determinations resulting in nonpayment to the named plaintiffs. This fact alone conjures up the spectre that the Secretary may, in effect, be attempting somehow to end this litigation before the claims presented here are addressed.

Even assuming that the payment of the benefits satisfies in many ways the named plaintiffs' claims,[6] there may still be reasons for avoiding the general mootness rule. "Some courts have recognized a limited exception to this general rule if the defendant has deliberately and artificially created mootness by satisfying the named plaintiff's claim, effectively avoiding judicial resolution of a matter by 'picking off' the named plaintiffs." *Wilson,* 671 F.2d at 679 (citations omitted). *See also Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1045 (5th Cir.1981) (Unit A); *Susman v. Lincoln American Corp.,* 587 F.2d 866, 870 (7th Cir.1978), *cert. denied,* 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980). In *Wilson,* the First Circuit did not address whether the exception applied in that case, but the door is open for this Court to decide whether an exception is applicable in the instant case.

Class certification has not been pursued in this case, although certification as a class is requested in the complaint. This Court is required by the Federal Rules of Civil Procedure to determine class action viability "[a]s soon as practicable after the

---

6. There is a strong argument for saying that the initial determinations, unchanged, are really the acts of the Secretary which provide the factual predicate for this legal challenge. Any change in the initial determinations, therefore, might suggest that there is no controversy between the named plaintiffs and the Secretary. As there has been no reversal of the decisions, however, this Court must assume that the Secretary has not and will not respond to the allegations in this complaint of his own volition. Absent a reversal, the named plaintiffs are still engaged in a live controversy with the Secretary as to his use of methods for determining whether their items of durable medical equipment were covered by Medicare Part B.

It is also important to note that all that the named plaintiffs could have ever hoped to get from the Secretary was a benefit determination in accord with what they allege is the proper method; this in turn would have at best given them the benefits they sought initialy. For this reason, the Court rules that even if there is still a live controversy between the named plaintiffs and the Secretary concerning their as yet unchanged initial benefit determinations, Nadworny and Griffith would not, after having received what realy are in effect benefits, be suitable class representatives.

commencement of an action brought as a class action...." Fed.R.Civ.P. 23(c)(1). This Court and counsel for the plaintiffs are both responsible for failure to address this issue promptly, and this Court sees no good reason not to allow the allegations in the complaint to relate back to the time of the filing. In other words, while the named plaintiffs may no longer be adequate class representatives, see *supra* note 6, there is no reason to punish the absent class. As one commentator has noted, "when the intervening event has affected the posture of only the named plaintiff, the litigation remains viable as to the absent class, and mootness may be avoided ... by allowing absent class members to intervene as substitute representatives...." H. Newberg, 1 *Newberg on Class Actions* § 2.23 at 89 (2d ed. 1985).[7]

Class action suits perform an important adjudicative function in our modern scheme of federal court litigation, and plaintiffs believe that certification is appropriate in this case. While that view may or may not eventually comport with this Court's decision on class certification, it would be against public policy to allow defendants to avoid class actions and the merits of a dispute by encouraging a policy of avoiding resolution through the artificial mooting of cases. As one court has noted in a similar case,

> "[i]f the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification. If a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate."

*Susman*, 587 F.2d at 870

■ In order to accomplish the complementary goals of keeping the courthouse doors open as well as frustrating attempts to artificially moot live controversies, this Court holds that when a class action suit has been filed and certification has not yet been acted on, attempts to "pick off" the named plaintiffs will not moot the case where there is an ongoing controversy between the proposed class and the defendant. The controversy must, of course, be one that is capable of judicial resolution and suitable for adjudication in accord with the mandate of Art. III. Once the named plaintiffs have been "picked off," the complaint provisionally brings before the court the interests of the absent class members "so that the apparent conflict between their interests and those of the defendant will avoid a mootness artificially created by the defendant...." *Id.* at 869 (finding that motion for certification serves the purpose of bringing the interests of the absent class members before the court).

■ In order to avoid any prejudice to the absent class members, who certainly have strong interests in this action, and to thwart action which on its face appears to be an attempt to "pick off" the named plaintiffs in order to avoid resolving this litigation on the merits, this Court holds that the present case is not moot at this time since the controversy between the proposed class and the defendant still presents a live controversy suitable for adjudication in accord with the mandate of Art. III. Leave will be granted to the proposed class to move within thirty days of the date of this memorandum to propose new class representatives.

IV. *Conclusion*

For the foregoing reasons, the Secretary's motion to dismiss is DENIED on both grounds, and the protective order staying discovery issued on June 11, 1987 is hereby VACATED. Leave to amend the complaint to propose new class representatives is hereby granted on the terms set forth above, and the hearing to determine whether the proposed class should be certi-

---

**7.** It should be noted that the Court does not find this case to be within the line of Supreme Court cases relaxing the mootness doctrine where the challenged act is one that is capable of repetition, yet evading review. *See, e.g., Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

fied will be held immediately after any such intervention.

SO ORDERED.