Mary Ellen Villareal **CASTORELA**, on behalf of herself and all persons similarly situated, Plaintiff,

v.

Leonard R. **MELLON**, Executive Director of the Florida Department of Highway Safety and Motor Vehicles; James H. Cox, Director of the Division of Drivers Licenses, Department of Highway Safety and Motor Vehicles, Defendants.

No. 88–193–Civ–T–17(B).

United States District Court, M.D. Florida, Tampa Division.

Dec. 11, 1990.

---

Daniel R. Aidif, Maureen Kelleher, Nora Leto, Florida Rural Legal Services, Inc., Bartow, Fla., Isidro Garcia, Florida Rural Legal Services, Inc., Belle Glade, Fla., for plaintiff.

Jason Vail, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Defendants' Motion for Summary Judgment. Defendants assert that summary judgment should be granted in their favor on the basis that Plaintiff's claim for relief has become moot, thereby eliminating any case or controversy. Pursuant to Article III, Section 2, of the Constitution of the United States, case or controversy is required to maintain standing in a federal court.

## FACTS OF THE CASE

The Court adopts the facts as contained in Plaintiff's complaint and memorandum of law in opposition to Defendants' motion for summary judgment, the facts of this case are as follows.

Plaintiff, Mary Ellen Villareal Castorela, a United States citizen of Hispanic decent, went to the office of the Florida Department of Highway Safety and Motor Vehicles, Division of Drivers Licenses (Division), located in Wauchula, Florida, where she was prevented from applying for a Florida driver's license despite the fact Plaintiff had adequate documentation of her identity. Plaintiff alleges that the Division routinely denies driver's licenses to persons of Hispanic descent to further its policy of preventing anyone suspected of being an illegal alien from obtaining a driver's license.

As a consequence of the Division's refusal to grant Plaintiff a license, she brought this action on behalf of herself and all persons similarly situated. Plaintiff also asked that this Court grant certification of the putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure. To date, certification of the class has not been granted.

Seven months after filing of the complaint, the Division issued Plaintiff a driver's license and now asserts her claim is moot, so that the entire action must be dismissed for want of case or controversy.

## DISCUSSION

The issue to be decided is whether this Court is deprived of jurisdiction for want of a live case or controversy when a class action suit has been filed, certification of the putative class has not yet been acted on, and the named plaintiff's claim has been satisfied.

The requirement of case or controversy serves the purpose of limiting the business of federal courts to cases capable of resolution through a court's order and to insure that courts do not intrude into areas reserved for the congressional or executive branches of our tripartite form of government. *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968). Several concepts have been developed by case law which act to deprive a court of jurisdiction including the concept of mootness. The mootness doctrine requires that a live controversy must exist at the case beginning of the litigation and must remain alive throughout the litigation. Failure of the controversy to remain in existence moots the claim and deprives the court of jurisdiction. *See e.g., Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir.1987).

One exception to the mootness doctrine which allows a court to retain jurisdiction over a cause occurs when a class has been certified in a class action suit prior to the representative plaintiff's claim becoming moot. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). This exception does not apply to this case as the class has yet to be certified. Plaintiff makes a compelling argument for this Court to extend this exception to situations where a defendant intentionally attempts to moot the claim of the named plaintiff prior to certification of the proposed class. *See e.g., Griffith v. Bowen,* 678 F.Supp. 942, 946 (D.Mass.1988).

Adopting Plaintiff's argument for extension of the class action exception of the mootness doctrine to a non-certified class would further the historical purposes for allowing class actions. As stated by the Supreme Court in *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980):

> The justification that led to the development of the class action includes the protection of the defendant from inconsistent obligations, the protection of the interests of absentees, the provision of a convenient economical means of disposing of similar lawsuits, and the facilitation of the spreading of litigation costs among numerous litigants with similar claims.

*United States Parole Com'n v. Geraghty,* 445 U.S. at 402–03, 100 S.Ct. at 1211–12. However, it is not necessary to decide whether an extension of the class action exception to the mootness doctrine should apply in this case as a more compelling exception to the mootness doctrine applies to this situation.

The exception which applies to this case arises when the issues presented are capable of repetition, yet evade review. *NBC v. Communications Workers of America, AFL–CIO,* 860 F.2d 1022, 1023 (11th Cir.1988). Several factors apply in determining whether a case is capable of repetition yet evading review, such as the likelihood of recurrence, the likelihood that any recurrence will again escape review, and the effect on the plaintiff before the court in the event of a recurrence. *Artea-*

*ga v. Lyng,* 660 F.Supp. 1142 (M.D.Fla. 1987).

In this case, as in *Arteaga,* all of these factors weigh heavily against mootness. Plaintiff will have to renew her license in the future. In addition, it is conceivable that her license could be lost, stolen, suspended or revoked and she would be in the position of having to prove her identity once more as a prerequisite to obtaining her license. Plaintiff would again be forced to obtain the services of an attorney to regain her license. The Division may have issued Plaintiff a license in an attempt to moot Plaintiff's claim. Therefore it is possible that under similar circumstances, it would repeat its actions, escaping review, again leaving Plaintiff with no legal solution.

This Court holds that the capable of repetition yet evading review principle applies to the facts of this case, thereby excepting Plaintiff's claim from the mootness doctrine. A live case or controversy does exist and jurisdiction properly remains in this Court. Accordingly:

IT IS ORDERED that Defendants' Motion for Summary Judgment is DENIED.

DONE AND ORDERED.