**Richard RAND, Custodian for Brett Rand, Plaintiff,**

v.

**MONSANTO COMPANY, Defendant.**

No. 85 C 9087.

United States District Court, N.D. Illinois, E.D.

Jan. 29, 1990.

## MEMORANDUM OPINION

WILL, District Judge.

We denied Mr. Rand's motion for class certification on March 23, 1989 because of Mr. Rand's unwillingness to pay costs, and his two motions for reconsideration on May 5, 1989 and on January 4, 1990. After our denial of class certification, we allowed Mr. Rand's attorneys to publish a notice in order to find an adequate class representative, but no one came forward. Determined to pursue this case to the end, Mr. Rand's attorneys have always taken the position that they would proceed to trial even though Mr. Rand's claim was only for $1,135 plus interest and commission.

However, Monsanto apparently assessed the costs of continuing this litigation and decided that a $1,253.38 payment for ending it was a bargain. Consequently, on November 30, 1989 Monsanto made an offer of judgment pursuant to Fed.R.Civ.P. 68 for that amount, without admitting liability or requiring Mr. Rand to sacrifice his right to appeal our denial of his request for class certification. Mr. Rand rejected the offer on December 7, 1989, "on the authority of *Kline v. Wolf,* 702 F.2d 400 (2d Cir. 1983)." Plaintiff's Rejection of Defendant's Offer of Judgment.

Monsanto next filed a motion to dismiss Rand's individual claim, arguing that there is no longer a case or controversy before

us for purposes of Article III. We grant Monsanto's motion.

*Analysis.*

■ The logic of Monsanto's argument is simple and persuasive. Since we have denied Rand's motion for class certification, he no longer represents any class interests so only his interest in his own damages is left. However, Rand's claim became moot after he was offered everything he requested individually, *Susman v. Lincoln Am. Corp.,* 550 F.Supp. 442, 443 (N.D.Ill.1982) (dismissing plaintiff's *individual* claim) (and cases cited therein), leaving no case or controversy for us to decide.

Although there is no Seventh Circuit case directly on point, two other circuits have considered virtually the same issue before us and have dismissed. The Fourth Circuit reviewed a district court's denial of a motion for class certification and subsequent dismissal of a securities fraud suit against a group of corporate directors. *Zimmerman v. Bell,* 800 F.2d 386 (4th Cir.1986). After the denial of class certification, the directors made an offer of judgment to the plaintiff for her individual damages, which she refused. The district court dismissed her claim for want of a case or controversy, and the reviewing court affirmed because the plaintiff's "personal stake in the outcome had disappeared, and federal courts do not sit simply to bestow vindication in a vacuum." *Id.* at 390.

The Second Circuit reached a similar result in *Abrams v. Interco Incorporated,* 719 F.2d 23 (1983) on slightly different facts. There, the district court had denied certification of a suit which alleged antitrust violations and then had dismissed, after the defendant offered judgment for damages *and reasonable attorney's fees.* The reviewing court affirmed, and, in the process, distinguished its holding from a case decided on similar facts. *Kline v. Wolf,* 702 F.2d 400 (2d Cir.1983).

In *Kline,* the district court had found that the named plaintiffs were inadequate class representatives because they were subject to serious credibility challenges. Defendants had offered full individual damages, which plaintiffs rejected, arguing "that if they were permitted to proceed with a trial on the merits of their individual claims they could erase any doubts about their credibility...." *Id.* at 402. The district court then entered a judgment against plaintiffs under the same terms proposed by defendants in their settlement offer: damages and a statement that prevented the judgment from having collateral estoppel effect. On appeal, the court reversed and remanded, because "[t]he conditional nature of the judgment ... would preclude the named plaintiffs from obtaining reconsideration of their adequacy as class representatives...." *Id.* at 404. In addition, "the plaintiffs would probably be forced to pay over most if not all of their recovery to their counsel for services and disbursements in the action." *Id.*

The *Abrams* court distinguished *Kline* on two bases. First, it noted that it was unlikely that allowing Mr. and Mrs. Abrams to proceed to the merits on their individual claims "would have supported certification of either of the classes they proposed." 719 F.2d at 33. In other words, their interests in obtaining effective review of the denial of class certification had been sufficiently protected by their right to an appeal. Secondly, the Abrams' damage recovery would not be "diluted by payment of attorneys' fees," because of their attorneys' right to fees under the Clayton Act. *Id.*

Rand argues that his case is not moot, since Monsanto did not tender relief for the class he sought to represent. He supports his argument by citing to *Kline* and to *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). The *Deposit Guaranty* case does not help Mr. Rand, since the issue presented there was "whether a tender to named plaintiffs in a class action of the amounts claimed in their individual capacities ... moots the case and *terminates their right to appeal the denial of class certification.*" *Id.* at 327, 100 S.Ct. at 1168 (emphasis added). The Court distinguished the individual stakes of the plaintiffs from their interests in certification and reasoned "that a district court's final judgment fully satisfying named plaintiffs'

substantive claims would preclude their appeal on that aspect of the final judgment," but not of the denial of class certification. *Id.* at 333, 100 S.Ct. at 1171. *Deposit Guaranty* does not help Rand, since Monsanto has not attempted to prejudice Rand's right to appeal.

In addition, *Kline* does not persuade us that Rand's case should not be dismissed, because a full resolution of his case would not develop facts showing his adequacy as a class representative. Rand's right to a review of our class certification decision is fully protected by his right to appeal. *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 406 n. 12, 97 S.Ct. 1891, 1898 n. 12, 52 L.Ed.2d 453 (1976), can hardly be read to compel a decision on the merits of every case in which class allegations have been made.

The only interests left after Mr. Rand has been made an offer of judgment are his interest in representing the class, which is protected by his right to appeal, his interest in setting a precedent which would have collateral estoppel effect and his interest in paying his attorneys. Rand's interest in setting a legal precedent is not sufficient for purposes of alleging a case or controversy. *Alliance to End Repression v. City of Chicago,* 820 F.2d 873, 876 (7th Cir.1987) ("[t]he expression of judicial views is a byproduct of the need to decide the case"). His interest in paying his attorneys—in spreading the costs of representation among a number of class members—is also protected by his right to appeal our denial of class certification. Proceeding to a full disposition of the individual case on the merits will not help him, since he has no right to attorney's fees under the securities statutes.

Accordingly, for the reasons already given and because Monsanto has agreed not to prejudice Rand's right to appeal our class certification denial, Monsanto's motion to dismiss Rand's Second Amended Complaint is granted.