**Gerald R. MOORE, Plaintiff,**

v.

**Laurence A. HECKER, Defendant.**

**No. 07–61617–CIV.**

United States District Court, S.D. Florida.

April 10, 2008.

Donald A. Yarbrough, Fort Lauderdale, FL, for Plaintiff.

Felipe Paez, Craig S. Hudson, Marshall Dennehey Warner Coleman Goggin, Fort Lauderdale, FL, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 7–1] and Brief in Support and Exhibit [DE 7–2 and 7–3] (collectively the "Motion"). The Court has considered the Motion, Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 16] (the "Response"), Defendant's Reply [DE 17] (the "Reply"), the record and is otherwise duly advised in the premises.[1]

### I. INTRODUCTION.

This action was filed by Plaintiff, Gerald R. Moore, alleging violations of certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The Complaint [DE 1] alleges that Defendant, Laurence A. Hecker, left multiple telephone messages on Plaintiff's voice mail. In Counts I and II, respectively, Plaintiff alleges that Defendant failed to disclose that he was a debt collector in violation of 15 U.S.C. § 1692e(11) and failed to make a meaningful disclosure of his identity and purpose in violation of 15 U.S.C. § 1692d(6). For these violations, Plaintiff seeks damages and attorneys' fees and costs. In Count III of the Complaint, Plaintiff requests declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. Specifically, Plaintiff seeks a declaration that Defendant's actions were in violation of FDCPA, an injunction prohibiting future violations of FDCPA as well as damages, attorneys' fees and costs.

According to the allegations set forth in the Defendant's Motion, on or about December 18, 2007, Defendant presented to Plaintiff an Offer of Judgment (the "Hecker Offer") "allowing judgment [in the amount of $1,001.00] to be taken against him for the maximum recoverable damages permitted

under 15 U.S.C. § 1692, if Plaintiff was the prevailing party after fully litigating his claims." Motion [DE 7–2], p. 4. Defendant argues that since Plaintiff has been offered the maximum recovery for his claim, there is no ongoing case or controversy and thus pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), Plaintiff's complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

### II. LEGAL STANDARD FOR EVALUATING OFFERS OF JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 68

Federal Rule of Civil Procedure 68 governs offers of judgment and provides that "[m]ore than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued" and "[i]f the judgment that offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

■ Although there is no Eleventh Circuit decision that has addressed the issue of mootness in the context of a valid Rule 68 offer, Judge Ungaro recently stated that "[g]enerally, an offer of judgment providing the plaintiff with the maximum allowable relief would moot the plaintiff's [FDCPA] claim if he were suing in his individual capacity." *Sampaio v. People First Recoveries, LLC,* No. 07–CV–22436–UU, 2008 WL 509255, *1, 2008 U.S. Dist. LEXIS 17110 at *4 (S.D.Fla. 2008) (granted motion to strike an offer of judgment of $1,001 plus reasonable attorneys' fees and costs to avoid Rule 68 offers being used to undermine the use of class actions in a FDCPA case); *see also Streeter v. Office of Douglas R. Burgess, LLC,* No. 1:07–CV–0097–WKW, 2008 WL 508456, *2, 2008 U.S. Dist. LEXIS 13268 at *4 (M.D.Ala. 2008) (denied motion to dismiss FDCPA case where Rule 68 offer was ambiguous).[2]

---

1. The Motion requested oral argument. The Court has determined that the Motion can be decided solely on the record and the pleadings submitted and therefore, no oral argument is required.

2. Defendant cites to numerous cases to support its proposition that "a valid offer of judgment that would satisfy Plaintiff's entire claim for relief ... leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." Motion [DE 7–2], p. 6. As Defendant

Applying general contract principles to decide whether there has been a valid offer of judgment for purposes of Rule 68, the Eleventh Circuit has held that the offeror has the burden of ensuring clarity and precision in the offer and any ambiguity in the terms of the offer shall be strictly construed against the offeror. To make an informed choice, the offeree must have a clear understanding of the terms of the offer. *Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc.*, 298 F.3d 1238, 1243–1244 (11th Cir.2002); *Johnson v. University College of the University of Alabama in Birmingham*, 706 F.2d 1205, 1209 (11th Cir. 1983).

Courts have held that an ambiguous offer cannot be used to invoke the benefits of Rule 68. A Rule 68 offer of judgment may have severe cost-shifting consequences whether the offeree accepts or rejects the offer and therefore, if an offer is determined to be ambiguous, courts have refused to permit costs to be shifted and have denied motions to dismiss based on lack of subject matter jurisdiction and mootness. *E.g., Streeter*, 2008 WL 508456, *4, 2008 U.S. Dist. LEXIS 13268 at *10–11 (denied motion to dismiss FDCPA case); *Catanzano v. Doar*, 378 F.Supp.2d 309, 316–20 (W.D.N.Y.2005) (fee award to plaintiff's was not barred by Rule 68 offer that was "fatally ambiguous").

## III. APPLICATION OF LAW.

■ The Hecker Offer provides in relevant part that:

[t]he judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims by Plaintiff against *Hecker and any of its agents,*

*principals or employees . . .* If Hecker's offer is accepted, Plaintiff agrees to *release all claims she [sic] has or could have brought against Hecker or any of its parents, subsidiaries, affiliates, officers, employees, agents, and assigns,* which arise from the transaction and form the base of Plaintiff's claims, including the facts set forth in Plaintiff's Complaint in this matter, including any claims for costs, attorney fees, statutory penalties, damages and interest.

Hecker Offer, Exhibit A [DE 7–3] to the Motion [DE 7–2], ¶¶ 3–4 (emphasis added). The term "principals" is not defined in the Hecker Offer.

■ The ambiguity of the Hecker Offer arises over the use of the terms "principals" and "Hecker" because the named defendant in this action is Laurence A. Hecker and not his law firm.[3] Plaintiff interprets "principals" of Defendant, Laurence A. Hecker, to mean the original creditor of the underlying debt that employed Defendant to collect the debt and that is not a party to this action. Conceding that the Hecker Offer of $1,001 exceeds the FDCPA statutory damages he is entitled, Plaintiff argues that the offer fails to provide additional monetary recovery for the release of unspecified additional claims against a non-party. Response [DE 16], pp. 2–3.

Defendant, on the other hand, asserts that the term principal refers to Laurence A. Hecker, as principal of his law firm. Defendant's problem lies in its choice of terminology because the Hecker Offer defines "Hecker" to mean Laurence A. Hecker and not his law firm; therefore, when the Hecker Offer

states, the offer must be a *"valid* offer of judgment" and the critical issue before this court is the validity of an offer of judgment that is challenged as ambiguous.

The cases cited by Defendant do not address the issue of ambiguous offers of judgment and instead address the status of offers of judgment made in cases involving attempted class actions (*Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir.2004); *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir.1991); *Rand v. Monsanto*, 130 F.R.D. 87 (N.D.Ill.1990); *Zimmerman v. Bell*, 800 F.2d 386 (4th Cir.1986); *Abrams v. Interco Inc.*, 719 F.2d 23 (2d Cir.1983)) or do not involve an offer of

judgment (*Alliance to End Repression v. City of Chicago*, 820 F.2d 873 (7th Cir.1987)).

3. In addition to the confusion over the term "principal", there is an additional basis for finding the Hecker Offer ambiguous. Although not raised by Plaintiff, ambiguity of the scope of the settlement and release arises from inconsistent provisions. Paragraph 3 settles claims against "Hecker and any of its agents, principals or employees" whereas paragraph 4 expands the scope of the Hecker Offer to also release claims against "Hecker or any of its parents, subsidiaries, affiliates, officers, employees, agents and assigns."

states that it settles claims against "Hecker and any of its agents, principals or employees," it is proposing to settle claims against "[Laurence A.] Hecker and any of its ... principals." Motion [DE 7–2], Exhibit A [DE 7–3], ¶ 3.

Defendant's confusion over the references to the individual and the law firm is evident in the Reply when Defendant then asserts that the Hecker Offer would be effective against the "named defendant, its principal, Mr. Hecker, and his employees and agents." Reply [DE 17], p. 4, n.2. The "named defendant" in this case, however, is not Mr. Hecker's law firm.

Where a Rule 68 offer of judgment is determined to be ambiguous, courts have refused to allow such an offer to moot the offeree's claim. For example, the Middle District of Alabama, relying on the 11th Circuit opinion in *Utility Automation,* denied a motion to dismiss a FDCPA case because the defendants:

> could have easily separated its clauses through the use of semi-colons or parenthetical numbering to ensure the offer was unambiguous. The defendants chose not to do so and their ambiguous offer of judgment suffers accordingly ... [and] because ambiguous offers of judgment are strictly construed against the offeror, Offer Two cannot serve to moot the plaintiff's claim.

*Streeter,* 2008 WL 508456, **3–4, 2008 U.S. Dist. LEXIS 13268, at **9–10; *Utility Automation,* 298 F.3d at 1244 ("[A] Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties ... and any ambiguity must be construed against the Defendants ...").

The scope of the settlement and released parties is a material element of the Hecker Offer. As in *Streeter,* Defendant could have easily avoided the ambiguity by, in this case, specifically defining and referring to Defendant's law firm.[4] Defendant has failed to satisfy its burden of ensuring clarity and precision in the offer of judgment and any

ambiguity in the Hecker Offer shall be strictly construed against Defendant. Therefore, like the ambiguous offer of judgment in *Streeter,* the Hecker Offer cannot serve to moot Plaintiff's claim and support a motion to dismiss.

## IV.   *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be **DENIED**.

---

4. Defendant's intent would have been more clearly expressed had it used language similar to that used in its Reply, i.e., "claims that were asserted or that could have been asserted against

Hecker, as the principal of his law firm and doing business as the Law Firm of Laurence A. Hecker (as well as Hecker's employees and agents)." Reply [DE 17], p. 4.